### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARRYL BROOKS et al.,** | : | |
| **Plaintiffs** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 16-6136** |
| | : | |
| **CITY OF PHILADELPHIA et al.** | : | |
| | : | |
| **Defendants.** | : | |

### <u>ORDER</u>

AND NOW, this _____ day of _____, 2017, upon consideration of the Defendants City of Philadelphia, Charles Ramsey and Patrick Dooley's Second Motion to Dismiss, it is **HEREBY ORDERED** that the Motion is **GRANTED**.

BY THE COURT:

_____

Baylson, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DARRYL BROOKS et al.,** | : | |
| **Plaintiffs** | : | |
| | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 16-6136** |
| | : | |
| **CITY OF PHILADELPHIA et al.** | : | |
| | : | |
| **Defendants.** | : | |

### DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants City of Philadelphia, Charles Ramsey and Police Officer Patrick Dooley, by and through their undersigned counsel, hereby file this Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this Motion, the Defendants incorporate the attached Memorandum of Law. The Defendants respectfully requests that this Court dismiss the claims asserted against them.

Date: February 3, 2017                                     Respectfully submitted,


/s/ Aaron Shotland
Aaron Shotland, Esquire
Deputy City Solicitor
Pa. Attorney ID No. 205916
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5434

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DARRYL BROOKS et al.,** | : | |
| **Plaintiffs** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 16-6136** |
| | : | |
| **CITY OF PHILADELPHIA et al.** | : | |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
<u>DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>**

Plaintiff Darryl Brooks has disregarded established Third Circuit case law by suing the City of Philadelphia ("City") without making factual allegations regarding a municipal policy or custom that was the moving force behind the Constitutional violations alleged. Moreover, Plaintiff has failed to allege facts regarding the conduct of a municipal policymaker in his complaint. Additionally, Plaintiff's malicious prosecution claim made against Former Police Commissioner Charles Ramsey and Police Officer Patrick Dooley is legally deficient. Therefore, the Court should dismiss Plaintiff's claims against the City and Police Officer Patrick Dooley with prejudice.

**I.    BACKGROUND**

In his amended complaint, Plaintiff attempts to state a claim against the City. *See* Amended Complaint ¶¶38-42 (Docket No. 4). Plaintiff alleges that he was arrested by Police Officer Patrick Dooley on August 17, 2012, after Vanessa Supplee had reported to police that Plaintiff sexually assaulted their daughter, Anastasia Supplee. *Id.* at ¶¶9-16. He further alleges that he served thirty-one months in jail following his arrest until the Philadelphia District Attorney's office filed a motion for Nolle Prosse. *Id.* at ¶24.    Plaintiff fails to include any

factual averments in his complaint regarding a municipal policy or custom of the City that led to the constitutional violations he alleges. Rather than identify an actual policy or set forth factual allegations which sufficiently allege that the City has a well-settled custom of unconstitutional behavior, Plaintiff makes threadbare assertions that the City has developed and maintained policies, practices, procedures and customs of ignoring exculpatory evidence and/or unjustifiably relying on inherently unreliable witnesses who have obvious alternative motives. *Id*. at ¶¶34-36. Plaintiff provides no factually specific allegations in his complaint to support his sweeping claims, as is required to maintain a municipal liability claim. Plaintiff also fails to make specific factual allegations showing that a municipal policymaker has endorsed the claimed unconstitutional custom or policies.

With regard to Plaintiff's malicious prosecution claim, his allegations against Former Police Commissioner Charles Ramsey and Police Officer Patrick Dooley fail to make out the elements of malicious prosecution. Therefore, Plaintiff's claims should be dismissed.

## II.   ARGUMENT

The Court should grant the instant motion and dismiss Plaintiff's complaint against the City of Philadelphia for at least two reasons. First, Plaintiffs' amended complaint fails to include sufficient allegations regarding a municipal custom or policy. Second, Plaintiff's amended complaint also fails because it contains no factual allegations relating to the endorsement of an unconstitutional policy or custom by a municipal policymaker.

### 1.   Plaintiff's *Monell* Claim Fails Because He Pleads No Facts Regarding a Municipal Policy or Custom.

The Court should dismiss the City of Philadelphia from this case because Plaintiff simply parrots the legal standard for municipal liability under § 1983 without pleading any supporting

facts.   In *Wood v. Williams*, 568 F. App'x 100 (3d Cir. 2014), the Third Circuit Court of Appeals affirmed the dismissal of a *Monell* claim.   *See id.* at 102.   The plaintiff in *Wood* set forth a series of conclusory allegations that "simply paraphrase[ed]" the elements of *Monell* liability. *See id.* at 103-04.   The Third Circuit held that such "conclusory and general" averments were "insufficient" and "fail[ed] to satisfy the rigorous standards of culpability and causation required to state a claim for municipal liability."   *See id.* at 104 (citations and quotations omitted).

In this case, Plaintiff has tried to plead a *Monell* claim by relying on the same sort of conclusory allegations that the Third Circuit rejected in *Wood.   Compare.* Cmplt. at ¶¶38-42 (setting forth *Monell* allegations), *with Wood*, 568 F. App'x at 103-04 (discussing and rejecting similar *Monell* allegations).   Such vague and general allegations fail to state a claim, because averments that "amount to a mere recitation of the . . . elements required to bring forth a *Monell* claim . . . are insufficient to survive a motion to dismiss."   *See Butler v. City of Phila.*, No. 11-7891, 2013 WL 5842709, at *2 (E.D. Pa. Oct. 31, 2013).   Instead, a complaint must include "specific *factual* allegations referencing the conduct, time, place, and persons responsible for any official municipal policy or custom."   *See Torres v. City of Allentown*, No. 07-1934, 2008 WL 2600314, at *5 (E.D. Pa. June 30, 3008) (emphasis added) (citing *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)).   Plaintiff's *Monell* averments include no such factual allegations.   *See* Cmplt. at ¶¶38-42.   Therefore, the Court should dismiss Plaintiffs' claims against the City.   *See Butler*, 2013 WL 5842709, at *2 (granting motion to dismiss complaint that merely parroted the legal standard of *Monell*); *Saleem v. Sch. Dist. of Phila.*, No. 12-3193, 2013 WL 5763206, at *3 (E.D. Pa. Oct. 24, 2013) (dismissing *Monell* claim under Rule 12(b)(6) because plaintiff pled "the 'phraseology' of an alleged policy, practice, procedure, custom and endorsement . . . but

3

[failed to plead] supporting facts"); *Niblack v. Murray*, No. 12-6910, 2013 WL 4432081, at *8-9 (D.N.J. Aug. 14, 2013) (dismissing *Monell* claim because "[p]laintiff fails to allege any facts to support his naked assertion of an unlawful municipal policy or custom"); *Torres*, 2008 WL 2600314, at *5 (dismissing *Monell* claim for failure to plead specific facts).

### 2. Plaintiff's *Monell* Claim Fails Because They Do Not Allege Conduct by a Municipal Policymaker.

Plaintiff also fails to state a *Monell* claim because his allegations lack specific conduct by an official policymaker involved in the formation of a custom or policy.  The Third Circuit has held on multiple occasions that a complaint which neglects "to allege conduct by a municipal decisionmaker" cannot survive a motion to dismiss its *Monell* claim.  *McTernan v. City of York*, 564 F.3d 636, 658-59 (3d Cir. 2009); *see Rees v. Office of Children and Youth*, 473 F. App'x 139, 143 (3d Cir. 2012) (holding that a complaint cannot state a *Monell* claim if it "fails to link the alleged offending policies or customs to anyone within [a municipality] who had policy-making authority"); *see also Andrews v. City of Phila.*, 895 F.2d 1469, 1481 (3d Cir. 1990) (noting that a municipal decisionmaker in a § 1983 case must possess "final, unreviewable discretion to make a decision or take an action").  Here, Plaintiff makes no factual allegations about the conduct of an official policymaker that resulted in the ratification of an unconstitutional policy or custom.  *See* Cmplt. at ¶¶ 38-42.  Therefore, the Court should Plaintiff's claims against the City for this additional reason.  *See Ross v. Project H.O.M.E.*, No. 13-7561, 2014 WL 2464962, at *3 (E.D. Pa. June 2, 2014) ("A viable *Monell* claim requires that a plaintiff allege that a policymaker was involved in the policy or custom at issue in the case."); *Davis v. City of Phila.*, No. 05-4571, 2009 WL 2461777, at *4 (E.D. Pa. Aug. 11, 2009) (holding that a *Monell* claim cannot survive a motion to dismiss "without an allegation connecting a

4

specific policymaker to the custom at issue").

### 3.  Plaintiff's Malicious Prosecution Claim Fails

To prove malicious prosecution under section 1983, a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.  *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003).

Plaintiff's only factual allegations against Police Officer Patrick Dooley in the Complaint are that he arrested the Plaintiff on August 17, 2012, after Vannessa Supplee reported to police that Plaintiff had sexually assaulted their daughter Anastasia.  Amd. Cmplt. at ¶16.   Plaintiff also makes the conclusory allegation that Officer Dooley initiated the criminal proceeding.  Id. at ¶18.  Factual allegations that Former Commissioner Charles Ramsey had any personal involvement in Plaintiff's arrest or criminal prosecution are completely absent from the Amended Complaint.

Generally, a plaintiff cannot institute "malicious prosecution" proceedings against a police officer because "a prosecutor, not a police officer, 'initiates' criminal proceedings against an individual."  *Stango v. Rodden*, No. 00-5709, 2001 WL 1175131 at *4 (E.D. Pa., Aug. 21, 2001) (quoting *Harris v. City of Philadelphia*, No. 97-3666, 1998 WL 481061 (E.D. Pa., Aug. 14, 1998) and (citing *Albright v. Oliver*, 510 U.S. 266, 279 n.7 (1994))).  A police officer may be found to have initiated criminal proceedings only where the police officer knowingly provided false information to the prosecutor or otherwise interfered with the prosecutor's informed

discretion.  *See id.; see also Domenech v. City of Philadelphia*, No. 06-1325, 2009 WL 1109316, at *8 (E.D. Pa. Apr. 23, 2009) (citing numerous cases standing for the same proposition).

There are no allegations that Former Commissioner Ramsey or Officer Dooley ever knowingly provided false information to the prosecutor or interfered with the prosecutor's informed discretion.  Furthermore, there are no allegations that Former Commissioner Ramsey or Officer Dooley acted maliciously or for a purpose other than bringing the Plaintiff to justice.  As Plaintiff's claims against Former Commissioner Ramsey and Officer Dooley are legally deficient, his claims should be dismissed.

### 4.   Former Commissioner Ramsey had No Personal Involvement

Vicarious liability cannot form a basis for liability (municipal or personal) under 42 U.S.C. § 1983.  See Agresta v. City of Philadelphia, 801 F. Supp. 1464, 1468 (E.D. Pa, 1992); see also Reaves v. Vaugh, 2001 WL 936392 at * 4 (E.D. Pa., Aug. 10, 2001) (vicarious liability does not apply to §1983 claims); Eppers v. Dragovich, 1996 WL 420830 at * 4 (E.D. Pa., July 24, 1996) (defendant in civil rights claim must have "personal involvement" in alleged wrongs). Additionally, a defendant in a civil rights action must have had some personal involvement in committing the alleged violation. Rode v. Dellarciprete, 845 F.2d 1195 (3rd Cir. 1988).

As Plaintiff has failed to make any allegations showing that Former Commissioner Ramsey had any personal involvement in Plaintiff's arrest or prosecution, his claims against him should be dismissed.

## III.     CONCLUSION

For the reasons set forth above, the Court should dismiss Plaintiff's claims against the City of Philadelphia.

Date:  February 3, 2017                          Respectfully submitted,


                                                 /s/ Aaron Shotland
                                                 Aaron Shotland, Esquire
                                                 Deputy City Solicitor
                                                 Pa. Attorney ID No. 205916
                                                 City of Philadelphia Law Department
                                                 1515 Arch Street, 14th Floor
                                                 Philadelphia, PA 19102
                                                 (215) 683-5434

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DARRYL BROOKS et al.,** | : | |
| **Plaintiffs** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 16-6136** |
| | : | |
| **CITY OF PHILADELPHIA et al.** | : | |
| | : | |
| **Defendants.** | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the Defendant's Motion to Dismiss was

filed via the Court's electronic filing system and is available for downloading.

Date:  February 3, 2017                    Respectfully submitted,

                                           /s/ Aaron Shotland
                                           Aaron Shotland, Esquire
                                           Deputy City Solicitor
                                           Pa. Attorney ID No. 205916
                                           Philadelphia Law Department
                                           1515 Arch Street, 14th Floor
                                           Philadelphia, PA 19102
                                           (215) 683-5434

8