IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARRYL BROOKS<br><br>v.<br><br>OFFICER PATRICK J. DOOLEY,<br>COMISSIONER CHARLES H. RAMSEY,<br>PHILADELPHIA POLICE<br>DEPARTMENT, and<br>CITY OF PHILADELPHIA | CIVIL ACTION<br><br>NO. 16-6136 |

## MEMORANDUM RE: MOTION TO DISMISS

### I. Introduction

Plaintiff Darryl Brooks ("Plaintiff") brings this action against defendant Officer Patrick J. Dooley ("Defendant" or "Dooley"), alleging one Count of malicious prosecution under 42 U.S.C. § 1983.[1] (ECF 4, Amended Complaint, "Compl.").

Defendant now moves to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF 6, "Def.'s Mot."). Plaintiff filed his opposition to Defendant's motion on March 8, 2017 (ECF 11, "Pl.'s Opp'n"), to which Defendant did not file a reply.

For the reasons explained below, Defendant's motion will be GRANTED, without prejudice, and with leave to amend.

---

[1] Plaintiff filed his original complaint on November 22, 2016, which he superseded by the instant Amended Complaint following Defendants' first motion to dismiss, dated January 6, 2017 (ECF 3). The Amended Complaint contains, in addition to the malicious prosecution claim, a Monell claim. (Compl. ¶ 8). However, upon Defendants' motion to dismiss the Amended Complaint, Plaintiff withdrew that claim and, accordingly, requested voluntary dismissal of all defendants named in the Amended Complaint, other than Dooley. (See ECF 11 at 3).

1

## II. Factual Background

The following facts are taken from the Amended Complaint and accepted as true for purposes of the pending motion to dismiss. See Fed. R. Civ. P. 12(b)(6). Plaintiff and Vanessa Supplee ("Supplee") have a daughter. (Compl. ¶ 9). Following Supplee's conviction for simple assault in 2002, Plaintiff obtained primary custody of the couple's daughter. (Id. ¶ 10). Plaintiff alleges that between 2003 and 2012, Supplee made five false reports of domestic violence against Plaintiff, in an effort to gain back custody of their daughter. (Id. ¶ 10-11). According to Plaintiff, each time Supplee made one of these false reports, she either failed to appear at the hearing, or subsequently admitted that the allegations contained in the report was false. (Id. ¶ 11).

In or around July 2012, Supplee filed yet another allegedly false report with one John Doe, an individual at the Philadelphia Police Department, alleging Plaintiff had sexually assaulted their daughter, (id. ¶¶ 9, 12), and that she and her boyfriend had witnessed the sexual assault. (Id. ¶ 12). Plaintiff alleges that "had the Philadelphia Police Department . . . performed a minimal investigation, the Philadelphia Police Department would have learned of the numerous, previous false reports made by Supplee," (id. ¶ 14), and realized that her instant report was "inherently unreliable." (Id. ¶ 15).

On or about August 17, 2012, Defendant, after confirming Plaintiff's identity, arrested Plaintiff at his home. (Id. ¶ 16). Plaintiff alleges that Defendant did so without probable cause because Defendant made the arrest "without asking any further questions or in any way assessing the truth of Supplee's . . . accusations." (Id.).

The following morning, Plaintiff appeared before Judge James O'Brien for a Preliminary Hearing. (Id. ¶ 17). Plaintiff was charged with eleven counts, and bail was set at 10% of

$50,000.  (Id.).  As Plaintiff was unable to afford bail he remained in police custody.  (Id.).  At Plaintiff's arraignment in October 2012,[2] the Philadelphia District Attorney's Office dropped five of the eleven charges, but decided to proceed with the remaining seven.  (Id. ¶ 22).

Plaintiff alleges that he remained in police custody until March 17, 2015, at which time the presiding judge granted the D.A.'s motion for Nolle Prosse.  (Id. ¶ 24).  By this time, Plaintiff had spent thirty-one consecutive months in custody, beginning on the day of his arrest.  (Id.).

**III.   Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6) a motion to dismiss will survive if the facts would amount to a plausible claim for relief.  Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The facts are to be accepted as true and taken in the light most favorable to the Plaintiff.  (Id.).  Plaintiff must also plead enough facts to establish the claim on its face, by providing adequate information for the court to draw a reasonable conclusion that the Defendant has caused the alleged harm.  Iqbal, 556 U.S. 662, 678.  Additionally, while it is sufficient to plead facts that allow the Court to infer a material element necessary to the claim, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Twombly, 550 U.S. 544, 570.

**IV.   Discussion**

The subject of the instant motion is whether Plaintiff has plead sufficient factual allegations to state a claim for malicious prosecution under § 1983.  To state a claim for

---

[2]  Plaintiff alleges that he was initially scheduled to be arraigned on September 4, 2012, but the date was continued, by the DA's motion, because neither Supplee nor her boyfriend appeared.  (Id. ¶ 21).

3

malicious prosecution, the Third Circuit uses the five-factor test outlined in Estate of Smith v. Marasco, 318 F.3d 497 (3d Cir. 2003), which include:

> (1) the defendant initiated the criminal proceeding;
> (2) the criminal proceeding ended in plaintiff's favor;
> (3) the proceeding was initiated without probable cause;
> (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and
> (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure because of the legal proceedings.

Id. 497, 521. All five elements are necessary to make up the claim. Id.

In his motion to dismiss, Defendant argues that Plaintiff failed to adequately allege all five elements of his claim. In particular, he focuses on Plaintiff's failure to adequately allege the first factor of the test, i.e., that *Defendant*—as opposed to the DA's Office—initiated the criminal proceeding against Plaintiff. (Def.'s Mot. at 7-8).

In his Opposition, Plaintiff does not meaningfully respond to this argument, but merely reiterates the relevant legal standard governing motions to dismiss, (see Pl.'s Opp'n at 3-5), and, in the alternative, requests leave to amend the Amended Complaint. (Id. at 5).

Defendant is correct that Plaintiff has failed to adequately allege the first factor of the malicious prosecution test, and therefore fails to state a claim upon which relief can be granted. As a general rule, prosecutors—not police officers—initiate criminal proceedings against civilians.[3] See Milbourne v. Baker, 11-cv-1866, 2012 WL 1889148 at *11 (E.D. Pa., May 23,

---

3   It is worth noting that a claim of malicious prosecution differs from a claim of false arrest. Relevant here, because a claim of false arrest arises due to a plaintiff's *arrest*, a police officer can be liable for having initiated the arrest if they did so without probable cause. See, e.g., Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988) ("The proper inquiry in a Section 1983 claim based on false arrest . . . [is] whether the arresting officer had probable cause to believe the person arrested had committed the offense."). A claim for malicious prosecution, by contrast, arises over "actions which occur between arrest and pre-trial detention," Donahue v. Gavin, 280 F.3d 371, 381 (3d Cir. 2002), such that police officer liability only attaches under a narrow range of circumstances, discussed *infra*.

2012) (Defendant's motion for summary judgment on plaintiff's malicious prosecution claim granted where claim was brought against the arresting police officer rather than the prosecutor); Harris v. City of Phila, 97-cv-3666, 1998 WL 481061, at *5 (E.D. Pa., Aug. 14, 1998) (citing Albright v. Oliver, 510 U.S. 266, 279 (1994) (Ginsburg, J., concurring) (stating that a prosecutor initiates criminal proceedings, not a police officer)).

A small exception to that rule exists. A police officer, rather than a prosecutor, can be considered to have "initiated the criminal proceeding" if she knowingly provided false information to the prosecutor or otherwise interfered with the prosecutor's informed discretion. See Domenech v. City of Philadelphia, 06-cv-1325, 2009 WL 1109316, at *11 (E.D. Pa., Apr. 23, 2009) (finding Plaintiff failed to show the Defendant initiated criminal proceedings as "[n]othing in the record suggests that an act or omission of Defendant . . . fundamentally undermined the District Attorney's ability to intelligently exercise its prosecutorial discretion."). See also Telepo v. Palmer Tp., 40 F. Supp. 2d 596, 610 (E.D. Pa., Feb. 26, 1999) (citing Garcia v. Micewski, 97-cv-5379, 1998 WL 547246, at *9 (E.D. Pa., Aug. 24, 1998) (holding an individual was not liable for alleged malicious prosecution when he did not knowingly interfere with the prosecutor's ability to exercise discretion)).

Dress v. Township, No. 16-4918, 2017 WL 480410, at *2 (E.D. Pa., Feb. 6, 2017), is instructive here. In Dress, the District Court granted the defendant's motion to dismiss the plaintiff's malicious prosecution claim against a group of police officers. Specifically, even though the plaintiff had alleged that the police officers were involved in the investigation that led to his arrest, and that the police officers carried out the arrest, plaintiff failed to make any "allegations that permit the reasonable inference that any of the individual police defendants provided false information to the prosecutor who initiated criminal proceedings . . . or that the

5

police defendants interfered in any way with the prosecutor's independent decision." Id.; see also, Taylor v. Officer Joseph Mazzone, 15-cv-6682, 2016 WL 4272266, at *3-4 (E.D. Pa., Aug. 12, 2016) (granting defendant's motion to dismiss where the plaintiff failed to adequately allege one of the five factors necessary to make out a claim for malicious prosecution).

Here, as in Dress, Plaintiff has failed to allege facts sufficient to support the first element of a malicious prosecution claim. Plaintiff alleges no facts to show that Defendant was (1) a prosecutor, or (2) knowingly provided false information to the prosecutor who initiated the criminal proceedings or otherwise interfered with the prosecutor's discretion. While Plaintiff alleges the "Philadelphia Police Department, via John Doe and/or Dooley, initiated the criminal proceedings against Plaintiff" by "obtaining a bench warrant for his arrest on false grounds," (Compl. ¶¶ 18, 32), this is insufficient to show that Dooley was involved in the decision to prosecute Plaintiff, much less that any of Dooley's actions or omissions were done to knowingly interfere with the charging prosecutor's discretion. (Id. ¶ 16).

## V.     Conclusion

For the reasons discussed above, Defendant's motion to dismiss will be GRANTED, without prejudice, and with leave to amend.

An appropriate Order follows.

C:\Users\rogers\AppData\Local\Temp\notesC7A056\Memo Re Motion to Dismiss-4.docx

.